**RECORD NO. 13-4869**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**BAUTISTA MEDRANO ANDAYA,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

———————

**BRIEF OF APPELLANT**

———————

**Haakon Thorsen**
**THORSEN LAW OFFICES**
**1235-E East Boulevard**
**Suite 239**
**Charlotte, NC  28203**
**(704) 333-0120**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................ ii

I.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ........................................................................................1

II.   STATEMENT OF ISSUE ........................................................................1

III.   STATEMENT OF CASE ..........................................................................1

IV.   STATEMENT OF FACTS ........................................................................2

V.   SUMMARY OF ARGUMENT .................................................................4

VI.   ARGUMENT .............................................................................................4

      THE DISTRICT COURT'S DECISION TO DENY MR. ANDAYA A MITIGATING ROLE REDUCTION WAS CLEARLY ERRONEOUS AND NOT WITHIN THE SCOPE OF THE APPELLATE WAIVER ............................................................................4

          <u>Standard of Review</u> ........................................................................4

          <u>Discussion of Issue</u> ........................................................................5

VII.   CONCLUSION ..........................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*United States v. Andis*,
   333 F.3d 886 (8th Cir. 2003)..................................................................5

*United States v. Blick*,
   408 F.3d 162 (4th Cir. 2005).................................................................4

*United States v. Johnson*,
   420 F.3d 137 (4th Cir. 2005), *cert. denied*,
   126 S. Ct. 461 (2005).............................................................................5

*United States v. Reavis*,
   48 F.3d 763 (4th Cir. 1995)....................................................................5

**STATUTES**

18 U.S.C. § 924.................................................................................................1

18 U.S.C. § 1956...............................................................................................1

18 U.S.C. § 3231...............................................................................................1

18 U.S.C. § 3742...............................................................................................2

21 U.S.C § 841(b)(1)(A)...................................................................................1

21 U.S.C. § 846.................................................................................................1

28 U.S.C. § 1291...............................................................................................1

**SENTENCING GUIDELINES**

U.S.S.G. § 2d1.1(b)(1) ................................................................................................2

U.S.S.G. § 3B1.2 ................................................................................................4, 5, 6

## I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal by the defendant of his convictions in a federal criminal case. Jurisdiction was conferred upon the United States District Court under 18 U.S.C. § 3231. The defendant appeals from final orders of the District Court. Appellate jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1291.

## II. STATEMENT OF ISSUE

Was the district court decision to deny Mr. Andaya a reduction for a mitigating role clearly erroneous and beyond the scope of the appellate waiver in the plea agreement?

## III. STATEMENT OF CASE

Bautista Medrano Andaya was indicted in the United States Court for the Western District of North Carolina on January 17, 2012: Count One charged participation in a conspiracy trafficking in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count Two charged money laundering in violation of 18 U.S.C. § 1956; Count Three charged using a firearm in furtherance of a drug conspiracy in violation of 18 U.S.C. § 924. (J.A. 7-9).

On March 21, 2012, Mr. Andaya pleaded guilty to Counts One and Two pursuant to a written plea agreement. (J.A. 14-21). The plea agreement contains a waiver of appellate rights to contest the conviction apart from prosecutorial

1

misconduct or ineffective assistance of counsel and waives the right to appeal the sentence conferred by 18 U.S.C. § 3742. (J.A. 19).

At sentencing, the Court accepted Mr. Andaya's plea, found that the amount of cocaine that was reasonably foreseeable to him was over 150 kilograms, denied his request for a mitigating role adjustment, but sustained his objection to a dangerous weapon enhancement pursuant to USSG § 2d1.1(b)(1). (J.A. 32-88). The Court calculated the total offense level was 37, found that Mr. Andaya's criminal history category was I, and the guideline range was 210-262 months. (J.A. 77). The Court ordered Mr. Andaya committed for 210 months (J.A. 193).

The defendant filed pro se notice of appeal on October 4, 2013 (J.A. 898). Judgment was filed November 20, 2013. (J.A. 90).

## IV.   STATEMENT OF FACTS

In May 2011, the Rowan County Sheriff's office, in conjunction with Homeland Security Investigations, began an investigation into a crack cocaine, powder cocaine, and marijuana conspiracy in Western North Carolina. (J.A. 100). A Hispanic male who operated garage in Salisbury, North Carolina contacted authorities after Raymond Garcia, AKA Freddie Andaya, asked him to install a hidden compartment in a Volkswagen Jetta. (J.A. 41). The garage owner was cooperating with the government and the government was aware Garcia was involved in a large scale cocaine distribution ring. (J.A. 41). At the government's

2

direction, a tracking device was placed on the Jetta without telling Garcia. (J.A. 41). Over a period of a few months, the Jetta was observed going to two residences in Concord, North Carolina. (J.A. 41). The government believed one of these residences was being used for storage of cocaine, and the other for distribution of cocaine. (J.A. 42, 48-50).

On July 13, 2011 when authorities conducted a search at the residence used for storage, Mr. Bautista Andaya was living there. Authorities located 3.5 kilograms of cocaine, $342,000 in U.S. currency, an assault rifle, and four ledgers detailing drug trafficking of approximately 300 kilograms of cocaine in the house. (J.A. 44-45). Mr. Andaya told officers that the house was being used as a drug stash house and that for two months he had been living there and being paid $800.00 per week to watch over the house. (J.A. 44, 57-58, 101). Mr. Andaya said he did not know how much cocaine was moving through the house, that he did not own any of the cocaine, serve any of the customers, and that he knew nothing about the assault rifle which had been found under a pile of clothes in one of the closets. (J.A. 51, 58-59). He did acknowledge that on occasion, the bosses had him act as a scribe and make entries in the drug ledgers under their direction and supervision. (J.A.64-65).

The government determined there were four people involved in the cocaine conspiracy: "Peto," the boss who was responsible for the acquisition of the drugs;

3

Garcia and Freddie Maldenado, who were distributors of the drugs, and Mr. Bautista Andaya, who lived at the stash house. (J.A. 47-48). None of the people interviewed in the course of the investigation indicated that Mr. Bautista Andaya's role was beyond maintaining the stash house. (J.A. 48). The customers who received drugs from the conspiracy did not know Mr. Bautista Andaya. (J.A. 51).

Mr. Andaya moved for a mitigating role reduction pursuant to USSG § 3B1.2. (J.A. 96). The District Court remarked that this was one of the largest cocaine conspiracies it had ever seen in the Western District of North Carolina. (J.A. ).

## V.   SUMMARY OF ARGUMENT

The district court's decision to deny Mr. Andaya a mitigating role reduction was clearly erroneous and not within the scope of the appellate waiver.

## VI.   ARGUMENT

**THE DISTRICT COURT'S DECISION TO DENY MR. ANDAYA A MITIGATING ROLE REDUCTION WAS CLEARLY ERRONEOUS AND NOT WITHIN THE SCOPE OF THE APPELLATE WAIVER**

<u>Standard of Review</u>

Whether a defendant validly waived his right of appeal is a question of law that this court reviews *de novo*. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir. 2005). A defendant's role in the offense is a factual question and the trial court's

4

determination is entitled to due deference and will be disturbed on appeal only if clearly erroneous. *United States v. Reavis*, 48 F.3d 763, 770 (4th Cir. 1995).

Discussion of Issue

Mr. Andaya acknowledges he entered a plea agreement that waived his right to challenge the District Court's determination of his criminal conduct in the conspiracy, but argues that to enforce the waiver would be unjust. (J.A. 10-18, 28). This Court has repeatedly approved the knowing and voluntary waiver of a defendant's right to appeal. *United States v. Johnson*, 420 F.3d 137, 151-53 (4th Cir.) *cert. denied*, 126 S. Ct. 461 (2005). But Mr. Andaya contends that to enforce the waiver would be fundamentally unfair because the District Court failed to realize a mitigating role adjustment could be applied to a conspiracy dealing in such large quantities of cocaine. This Court has recognized "appellate courts `refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.'" Id at 151 (4th Cir. 2005) (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)). This Court should refuse to enforce the waiver against Mr. Andaya because it is fundamentally unfair to fail to acknowledge he was substantially less culpable than other co-conspirators.

The mitigating role adjustment found in USSG § 3B1.2 allows for a decrease of 2 to 4 levels for participants who are "Substantially Less Culpable than Average Participant." See USSG § 3B1.2 application note 3(A). The evidence presented at

5

sentencing showed there were only four participants in the conspiracy, and clearly Mr. Andaya was substantially less culpable than any of the others. He considered the others his bosses. They made all the decisions and Mr. Andaya only role was to maintain the stash house. (J.A. 52). He did not own any of the drugs or serve any of the customers. (J.A. 48). He was paid a set amount per week just to be there. The District Court's refusal to grant Mr. Andaya a mitigating role reduction was because the conspiracy was moving such a large quantity of cocaine. But clearly this is an erroneous decision because mitigating role is a relativistic determination, independent of the starting offense level based on the amount of drugs involved.

## VII.  CONCLUSION

This Court should reverse and remand for resentencing as a minor or minimal participant pursuant to USSG § 3B1.2.

        Respectfully submitted,

        /s/ Haakon Thorsen
        Haakon Thorsen
        THORSEN LAW OFFICES
        1235-E East Boulevard
        Suite 239
        Charlotte, NC  28203
        (704) 333-0120

        *Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,293</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                                                       /s/ Haakon Thorsen
                                                       Haakon Thorsen

Dated: January 21, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE
    UNITED STATES ATTORNEY
    United States Courthouse
    100 Otis Street, Room 233
    Asheville, NC 28801
    (828) 271-4661

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

    /s/ Adrienne R. Acra-Passehl
    Adrienne R. Acra-Passehl
    GIBSON MOORE APPELLATE SERVICES, LLC
    421 East Franklin Street
    Suite 230
    Richmond, VA  23219